UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>ELIECER REYES HUERTA,<br><br>        Defendant. | No. 2:13-cr-00408-GEB<br><br>**ORDER** |

On April 13, 2015, Defendant filed a motion seeking to "remove ECF Docket No. 53 . . . from the Court's official electronic record pursuant to Local Rule . . . 138(a)(2)." (Def.'s Mot. to Remove Incorrectly Filed Document 1:23-26, ECF No. 54.) Defendant contends "[t]he document was inadvertently e-filed without redacting certain confidential material from the attachments to the declaration." (Id. at 1:28 - 2:1.) Defendant's counsel, Tim Pori, filed a declaration in support of the referenced motion, in which he avers as follows:

> 2. That on April 3, 2015 I e-filed a declaration, marked in the Court's Docket as ECF Document No. 53 (hereinafter ECF 53), in support of a sentencing memorandum filed on behalf of my client Eliecer Huerta.
>
> 3. That ECF 53 was not redacted in compliance with the Federal, State or Local Rules regarding the redaction of confidential information.

1

>    4.  That the non-compliance with the applicable redaction rules was the result of excusable neglect and inadvertence. In and around the time of e-filing ECF 53, my office and I were extremely busy working to meet discovery deadlines in a civil matter as well as preparing for and attending several depositions, some of which were out-of-state. My office, in preparing the attachments to ECF 53, inadvertently included unredacted pdf copies of documents that were included with ECF 53. Believing that the documents had been redacted, and in my haste to file the document, I failed to review the pdf documents and inadvertently e-filed ECF 53 with confidential material that should have been redacted.
>
>    5.  That I was first made aware of the above inadvertent mistake when appearing for the sentencing hearing of Mr. Huerta, after which the Court directed me to file a motion to remove ECF 53 from the docket.

(Decl. of Tim A. Pori ¶¶ 2-5, ECF No. 54-1.)

To the extent the above fifth paragraph indicates Defendant is not authorized to file a redacted version of ECF 53, it is incorrect and belied by what was said during Defendant's sentencing hearing. If Defendant opines that a redacted version of ECF 53 should be filed, he may do so.

Further, Mr. Pori also appears in the fourth paragraph of his declaration to blame another person in his office for his violation the federal redaction rule.

>    It is . . . no excuse for failing to comply with [a federal redaction rule] that attorneys labor under the pressure of deadlines. Time is a precious luxury which, if not carefully budgeted, can be a powerful foe. It is certainly understandable that attorneys frequently choose to delegate [certain tasks] to paralegals or other associates. . . But it should never be forgotten that the attorney of record is ultimately responsible for both the form and the content of the materials submitted to this court. It is therefore the professional

2

>       duty of the attorney of record to ensure through proper supervision that all materials submitted to this court comply with the applicable rules.

Dela Rosa v. Scottsdale Mem'l Health Sys., Inc., 136 F.3d 1241, 1244 (9th Cir. 1998). "The cogs of the wheel of justice move much more smoothly when attorneys who practice in this court follow the rules of practice and procedure . . . ." Id.

Since it is evident Defendant desires to have ECF 53 removed from the docket, and that numerous pages in that filing contain information which was required to have been redacted, the Clerk of the court shall permanently remove and delete ECF 53 from the docket. See CBS, Inc. v. United States Dist. Court for the Cent. Dist. of Cal., 765 F.2d 823, 825-26 (9th Cir. 1985) (ordering "improvidently filed" document "retracted . . . from the [docket]").

Dated:  April 14, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge